UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| ISIAH ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-436 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| INGHAM COUNTY ) | |
| FAMILY INDEPENDENCE ) | |
| AGENCY, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____) | |

This is a civil action brought by a *pro se* plaintiff. The events giving rise to this lawsuit occurred in 2001 when Judge Richard J. Garcia of the Ingham County Circuit Court issued an order terminating plaintiff's parental rights to his minor daughter. Plaintiff pursued an unsuccessful appeal. On July 12, 2002, the Michigan Court of Appeals issued an opinion affirming the trial court's decision. *Family Independence Agency v. Phillips*, No. 237709, 2002 WL 1497737 (Mich. Ct. App. July 12, 2002). Plaintiff did not seek further appellate review. On June 23, 2005, plaintiff filed his complaint in this court seeking in excess of a million dollars in monetary damages under 42 U.S.C. §§ 1983 and 1985 "against Family Independence Agency caseworker [] Ms. Shelly Ackely" based on Ms. Ackely's participation in the court proceedings to terminate plaintiff's parental rights. (Compl., ¶ 2). Plaintiff's complaint lists seven additional defendants in its caption: Ingham County Family Independence Agency, Ms. Adam, Prosecuting Attorney Pettibone, Judge Garcia, David Kallam, Todd Robinson, and Kevin Manning. Plaintiff alleges that on January 16, 2001 at

approximately 1 p.m., someone, presumably plaintiff, observed Ms. Ackely talking to Judge Garcia as they exited the courthouse elevator outside the courtroom. Plaintiff does not make any factual allegations concerning the content of their verbal exchange. Plaintiff does present an argument that the court order terminating his parental rights is void:[1]

> During the hearing proceeding honorable judge Richard Garcia stated to the caseworker Ms. Shelly Ackely that she has 42 days in which to file a petition to terminated parental rights, the petition was not file until 73 days later on March 30th 2001, accordance to the Michigan court rule she has only 42 days to file a petition, for this reason, the petition is void and a violation of Michigan court rule.

(Compl. ¶ 4). Plaintiff's complaint is not a model of clarity, but plaintiff now appears to take issue with testimony Ms. Ackely offered as a witness during court proceedings:

> The caseworker has breached a statutory duty in accordance with state policy of department of human services. She use misinformation in the course of trail proceeding and fail to provide proper services to reunite plaintiff with his daughter, by using bad faith promoting unfair competition between plaintiff and foster parents. The above parties named in the complaint has made it a conflict of interest with the other defendants, and because they all have a social bond to protect, thereby makes it hard to get a fair trial in a court of law.

(Compl. ¶ 6). Plaintiff's allegations against all other defendants consists of his conclusion that they somehow conspired against him in court on September 11, 2001, thereby preventing plaintiff from regaining custody of his daughter:

> Named in this complaint the parties did violate plaintiff known Constitutional rights. On September 11, 2001 at 9:00 a.m. in the courtroom of honorable judge Richard Garcia, the above parties did conspire and engage in the course of conducts where designed and contrary to state policy while acting under color of state law, this was done to keep plaintiff from prevailing an regain custody of his daughter.

(Compl. ¶ 5). Upon review, I find that this court lacks jurisdiction to disturb the court order terminating plaintiff's parental rights. I further find that plaintiff's complaint fails to state a claim

---

[1] All quoted excerpts from plaintiff's complaint are set forth verbatim in this report and recommendation.

and seeks monetary damages against defendants who are immune from such relief. Accordingly, I recommend that plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

## **Applicable Standard**

The court granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2)(B) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## **Discussion**

**1.**

This court lacks jurisdiction to address plaintiff's claims that the state court order terminating his parental rights is void. This court does not possess direct oversight powers over the

Ingham County Circuit Court or the Michigan Court of Appeals. The avenue available to plaintiff after the July 12, 2002 decision of the Michigan Court of Appeals was to seek leave to appeal the decision to Michigan's Supreme Court, and if necessary, an application for a writ of *certiorari* to the United States Supreme Court.

This court lacks jurisdiction to review the state-court decisions plaintiff attempts to challenge in this lawsuit. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Supreme Court recently emphasized that the *Rooker-Feldman* doctrine applies where, as here, the case is brought by the loser in state court complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting district court review and reject that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005). The rule of thumb utilized by the Sixth Circuit as a guide to applying *Rooker-Feldman* is as follows: "[I]f the federal plaintiff was the plaintiff in state court, apply *res judicata*; if the federal plaintiff was the defendant in state court, apply *Rooker-Feldman*. A plaintiff who loses and tries again encounters the law of preclusion [*res judicata*]. The second complaint shows that the plaintiff wants to ignore rather than upset the judgment of the state tribunal. A defendant who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review. It must be dismissed not on the basis of preclusion [*res judicata*] but for lack of jurisdiction [*Rooker-Feldman*]." *Hutcherson v. Lauderdale County*, 326 F.3d 747 (6th Cir. 2003) (quoting *Garry v. Geils*, 82 F.3d 1362, 1367 (7th Cir. 1996) (citations omitted)); *see Roch v. Humane Soc'y of Bedford County, Tenn., Inc.*, No. 04-5208, 2005 WL 1385938, at * 3 (6th Cir. June 8, 2005). Because *Rooker-Feldman*

applies, I recommend that plaintiff's claims based on the state court's judgment be dismissed for lack of subject-matter jurisdiction.

Furthermore, for nearly a century and a half, the Supreme Court has held that the federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858); *see also Drewes v. Ilnicki*, 863 F.2d 469 (6th Cir. 1988); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (*per curiam*). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); *see Lommen v. McIntyre*, No. 03-2313, 2005 WL 566719, at * 2 (6th Cir. Mar. 10, 2005). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see Partridge v. Ohio*, No. 03-3389, 2003 WL 22474620, at * 1 (6th Cir. Oct. 29, 2003); *Danforth v. Celebrezze*, No. 03-3413, 2003 WL 22097852, at * 1 (6th Cir. Sept. 4, 2003). The Supreme Court has recently reaffirmed the longstanding doctrine that the federal courts lack power to issue divorce, alimony and child-custody decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703-07 (1992).

**2.**

The second paragraph of plaintiff's complaint limits plaintiff's request for damages to Ms. Ackely, and could, under a highly indulgent construction, also include a claim for monetary damages against the Ingham County Family Independence Agency. (Complaint ¶ 2). The Eleventh Amendment immunity bars plaintiff's claims against the Ingham County Family Independence

Agency and against Ms. Ackely in her official capacity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir.), *cert. denied*, 125 S. Ct. 157 (2004); *Abick v. Michigan*, 803 F.3d 874, 877 (6th Cir. 1986). The Family Independence Agency, now known as the Department of Human Services,[2] is a department of Michigan government. MICH. COMP. LAWS § 400.1. The inclusion of a county name simply identifies the local division of the state's department, and the employees at the local division are state employees. *See Lintz v. Skipski*, 807 F. Supp.1299, 1303 (W.D. Mich. 1992); *see also Thomas v. Michigan Family Independence Agency*, No. 02-2230, 2003 WL 21456266, at * 1 (6th Cir. June 19, 2003). The Sixth Circuit recently emphasized that, "the most important factor bearing on the Eleventh Amendment question is who would pay a judgment against the entity being sued." *S. J. v. Hamilton County, Ohio*, 374 F.3d 416, 420 (6th Cir. 2004). Any judgment against the Ingham County Family Independence Agency would be paid from the state treasury. MICH. COMP. LAWS § 18.1396; *see Parker v. State*, Nos. 234828, 234829, 234830, 2004 WL 435395, at * 1 (Mich. Ct. App. Mar. 9, 2004) (affirming judgment of the Michigan Court of Claims); *Pope v. Family Independence Agency*, No. 205898, 1999 WL 33437824 (Mich. Ct. App. Aug. 17, 1999)(same). A suit against a state officer in her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ernst v. Roberts*, 379 F.3d 373, 380 n.10 (6th Cir.

---

[2] Governor Jennifer Granholm's executive order 2005-6 changed the department's name, effective March 15, 2005.

2004). The claims against the Ingham County Family Independence Agency fail on a separate and independent ground. States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

Defendant Ackely is absolutely immune from liability upon plaintiff's claims against her in her individual capacity. The Supreme Court has recognized that testifying witnesses are entitled to absolute witness immunity. *Briscoe v. LaHue*, 460 U.S. 325 (1982). The Sixth Circuit has held that social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial function and so are entitled to absolute immunity. *See Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir. 1989); *see also Meyers v. Franklin County Court of Common Pleas*, No. 02-3363, 2003 WL 22718238, at * 4 (6th Cir. Nov. 17, 2003). Furthermore, the Sixth Circuit has repeatedly held that social workers are absolutely immune for actions that are "intimately associated" with the judicial phase of proceedings relating to the welfare of the child. *See Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001); *Sayler v. Patrick*, 874 F.2d 374, 377-78 (6th Cir. 1989); *see also Meyers*, 2003 WL 22718238, at * 4. Quasi-judicial immunity would bar any claim against Ms. Ackely based on a function of advising the court regarding what actions would be in the best interests of the child. *See Rippy*, 270 F.3d at 422; *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001); *see also Martinez v. Roth*, No. 94-2206, 1995 WL 261127, at * 3 (10th Cir. Apr. 26, 1995) (collecting cases).

**3.**

The nature of claims by plaintiff against the remaining defendants is unclear. Defendants Adam, Kallam, Robinson, and Manning are not mentioned by name anywhere in

plaintiff's complaint except the caption. Where, as here, a complaint merely names persons as defendants in the case caption without alleging specific conduct by them, the claims against such defendants are subject to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Paragraph 5 of the complaint does contain a general assertion that these individuals were inside the courtroom on September 11, 2001, and that they somehow conspired against plaintiff and prevented him from regaining custody of his daughter. Plaintiff's vague and conclusory allegations of conspiracy fail to state a claim under 42 U.S.C. §§ 1983 or 1985. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Dallas v. Holmes*, Nos. 04-5582, 04-5584, 2005 WL 1313801, at * 6 (6th Cir. May 12, 2005); *Naething v. Covington*, No. 01-4189, 2003 WL 22000292, at * 1 (6th Cir. Aug. 20, 2003).

Prosecuting Attorney Pettibone is entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). The decision to prosecute or not prosecute, even if malicious, enjoys absolute immunity under this doctrine. *See Burns v. Reed*, 500 U.S. 478, 492-93 (1991). Judge Garcia is entitled to absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967). A claim that the state-court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity. *See Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

### **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief

can be granted, seeks monetary damages against defendants who are immune from such relief, and the court lacks jurisdiction to disturb the state court order terminating plaintiff's parental rights.

Dated: July 5, 2005          /s/  Joseph G. Scoville
                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).